UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

JAMES OCEAN
AND GIL McCOY,

                  Plaintiffs,      VERIFIED
                                              COMPLAINT
  -against-                    AND DEMAND FOR
                                              A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
UNDERCOVER # C0092, AND
N.Y.C. POLICE OFFICER "JOHN DOE",
EACH SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

                  Defendants.

-------------------------------------------------X



1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiffs are residents of New York City, Kings County, State of New York.

4. At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City

Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about June 9, 2011, at approximately 2:00 P.M., plaintiff James Ocean was driving his car in Brooklyn, New York. He was on his way to pick up plaintiff Gil McCoy who was going to do some plumbing work for him.

10. On his way, Mr. Ocean saw an acquaintance named Middlebrooks, who asked him for a lift home.

12. Mr. Ocean arrived at the corner of Tompkins Avenue and Gates Avenue and Mr. McCoy got in the back seat with his plumber's tools.

13. The defendant undercover police officer claims that at this time he was trying to buy heroin from a man later known to be Marco Rivera.

14. The defendant undercover officer claims that when a car arrived driven by Mr. Ocean.

15. The undercover claims that he heard Mr. Ocean call over to Mr. Rivera, who then approached the car and engaged in a transaction with Middlebrooks.

16. Mr. Ocean denies ever calling Mr. Rivera over, and denies any knowledge as to what occurred between Rivera and Middlebrooks.

17. Upon arriving at the above location, Mr. Gil McCoy got into the backseat of Mr. Ocean's car with his plumbing tools.

18. Mr. Ocean then drove off and a few moments later the police stopped his vehicle and arrested him, Mr. McCoy and Middlebrooks. No drugs or marked money were found on either plaintiff.

19. Plaintiff Gil McCoy spent approximately 36 hours in custody before he was released from Central Booking without seeing a judge and without being formally charged by the District Attorney's office with any offense.

20. Plaintiff James Ocean was prosecuted for a felony sale and possession of a controlled substance.

21. All criminal charges against Mr. ocean were ultimately dismissed.

22. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

23. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts by these individual defendants was occurring, in that there may have been reports of such unlawful conduct, but NYPD failed to take appropriate steps to eliminate such acts.

24. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE ARREST
### (FEDERAL CIVIL RIGHTS VIOLATIONS AS TO BOTH PLAINTIFFS)

25. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

26. Both plaintiffs were arrested although probable cause was lacking to believe that either plaintiff had committed any crime.

27. As to Mr. Ocean the police affirmatively misrepresented the facts, claiming that he had taken actions in furtherance of a drug sale, although he knew at the time that these representations were false.

28. As to Mr. McCoy, there is no evidence that he was involved in the sale, as he was just getting into the car when Middlebrooks possibly engaged in a drug sale with Rivera.

29. The police lacked a good faith basis to prosecute either plaintiff, and no reasonable officer would have thought there was probable cause to arrest either one of them.

30. As a result of their actions, Defendants, under "Color of law", deprived plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

31. Defendants subjected plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether plaintiffs' rights would be violated by their actions.

32. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION FOR 'MONELL VIOLATION"

33. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

34. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference

to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

35. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC § 1983; and,

2. Enter a judgment, jointly and severally, against the defendant officers and for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against defendant officers for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

   a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

   b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
      May 1, 2012

**STEVEN A. HOFFNER, ESQ.**
Attorney for the plaintiffs

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       May 1, 2012

_____
STEVEN A. HOFFNER, Esq.
(SH-0585)